United States District Court
Southern District of Texas

**ENTERED**

June 30, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIAS VILLATORO VILLATORO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3871 |
| | § | |
| BRET BRADFORD, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Elias Villatoro Villatoro ("Petitioner"), a citizen of Mexico, entered the United States without admission or parole in 1998.[1] On November 20, 2025, Petitioner was taken into Immigration and Customs Enforcement custody during a traffic stop.[2] The next day Petitioner was served with a Notice to Appear, charging him with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] On April 28, 2026, an immigration judge ordered

---

[1] Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 3 ¶ 10; Response to the Petition for Writ of Habeas Corpus and Motion for Summary ("Respondents' MSJ"), Docket Entry No. 5, p. 1.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Respondents' MSJ, Docket Entry No. 5, p. 1.

[3] Notice to Appear, Exhibit 2 to Respondents' MSJ, Docket Entry No. 5-2, p. 4.

Petitioner removed to Mexico.[4]   Petitioner has appealed that decision and remains in immigration custody.[5]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[6]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[7]  Petitioner has filed a reply.[8]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As explained in García De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).

---

[4]Respondents' MSJ, Docket Entry No. 5, p. 2.

[5]Id.

[6]Habeas Petition, Docket Entry No. 1, pp. 4-5 ¶¶ 20-23.

[7]Respondents' MSJ, Docket Entry No. 5, p. 3.

[8]Petitioner's Opposition to Motion for Summary Judgment, Docket Entry No. 6.

Moreover, as explained in <u>Jacobo-Ventura v. Dickey,</u> Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 30th day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-3-